BROOKFIELD LINEN CO., LTD., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 17048.   Promulgated January 31, 1929.

*Alfred Ely, Esq.*, for the petitioner.
*Stanley Suydam, Esq.*, for the respondent.

OPINION.

STERNHAGEN: In this proceeding the petitioner attacks the Commissioner's determination of a deficiency of $13,680.31, income and profits tax for the fiscal year ended February 29, 1920. There is no dispute about the facts, except as to materiality, and they are stipulated to be as follows:

The petitioner is a corporation of Great Britain, with its principal office in Belfast, Ireland. It manufactures linen in Ireland. It has a branch office in New York where it sells goods of its own manufacture and goods purchased by it. For the fiscal year ended February 29, 1920, its gross sales were as follows:

| | |
|---|---|
| Goods manufactured and imported | $399,182.77 |
| Goods purchased | 133,893.96 |
| Total gross sales | 533,076.73 |

The cost of goods thus sold was:

Goods manufactured and imported_____ $297, 561. 70
Goods purchased _____ 101, 810. 60

Total cost of goods sold_____ 399, 372. 30

The issue involves the application and interpretation of section 233 (b), Revenue Act of 1918, which defines gross income of a foreign corporation.

In the case of a foreign corporation gross income includes only the gross income from sources within the United States, including the interest on bonds, notes, or other interest-bearing obligations of residents, corporate or otherwise, dividends from resident corporations, and including all amounts received (although paid under a contract for the sale of goods or otherwise) representing profits on the manufacture and disposition of goods within the United States.

The petitioner contends that the Commissioner had no right, in computing its net income, to include in its gross income the amount of $399,182.77, representing the gross sales of goods manufactured abroad. The precise method of computation does not appear.

The same issue has been passed upon by the Board in respect of section 213, relating to alien individuals, in *Richard L. Birkin,* 5 B. T. A. 402, the decision in which has been followed in *Yokohama Ki-Ito Kwaisha, Ltd.,* 5 B. T. A. 1248, as to foreign corporations under section 233; *Tootal Broadhurst Lee Co., Ltd.,* 9 B. T. A. 321; aff'd. 30 Fed. (2d) 239; *Charles J. Billwiller,* 11 B. T. A. 841; and *R. J. Dorn & Co.,* 12 B. T. A. 1102. It may be added to what has already been said that to apply the doctrine of *expressio unius* to the statute as urged by petitioner would mean that all income of foreign corporations would be free from tax except the three classes enumerated in the section. Thus construed, profit from sales or dispositions of other than goods (such as land in the United States) or gains derived from labor or service performed in the United States might go untaxed. Such a construction we think would be clearly contrary to the intendment of the statute.

*Judgment will be entered for the respondent.*